UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORDAN ZITO, | Case No.: 3:24-cv-00232-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 3, 3-1 |
| RYAN SULLIVAN, et al., | |
| Defendants | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 3) and pro se complaint (ECF No. 3-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiffs complaint names the following defendants: Justice of the Peace Ryan Sullivan; Justice of the Peace David Clifton; the Washoe County Sheriff's Office; Washoe County Sheriff Darin Balaam; District Court Judge Egan Walker; Sparks Justice Court (referencing multiple employees "from Justice of the Peace to Court Clerks to Bailiffs"); Law/Court Clerk Nicole Walsh of Department 7 of the Second Judicial District Court; Darby Phelps, Jeff Hoppe and Hunter Heidrich of the Washoe County District Attorney's Office; Melissa Rosenthal[1]; Deputy District Attorney Nicole Hicks; and Deputy District Attorney Trenton Ross.

---

[1] Plaintiff refers to her as being a public defender/deputy district attorney; however, the Nevada State Bar website lists her as being employed at the Nevada Attorney General's Office.

3

Plaintiff's complaint then references the False Statements Accountability Act of 1996, and various provisions from the Nevada Revised Statutes (NRS), the Nevada Rules of Civil Procedure, the Nevada Rules of Appellate Procedure and Nevada Revised Code of Judicial Conduct.

The complaint goes on to assert that there is what appears to be a forged document in a docket signed by Justice of the Peace Derek Dreiling (not named a defendant), Darby Phelps, Melissa Rosenthal, and Plaintiff's signature, which he claims is coerced.

Plaintiff then avers there was an in-custody arraignment on May 17, 2022, for three felony charges that cannot be tried in Justice Court, but Justice of the Peace Ryan Sullivan set a status conference for 63 days after the arraignment. He claims this violated various statutes.

He brought an action against Justice of the Peace Ryan Sullivan (CV23-00455, CV23-02375) and the Washoe County Sheriff's Office (CV23-01254) in the Second Judicial District Court. He claims that Second Judicial District Judge Egan Walker made an order that the Washoe County Sheriff's Office cannot be named in a lawsuit, which Plaintiff disputes.

Next, Plaintiff alleges that in February 2024, Deputy District Attorney Trenton Ross submitted motions to have Plaintiff declared a vexatious litigant and motions to dismiss the cases against the Washoe County Sheriff's Office and Justice of the Peace Sullivan, which Plaintiff claims are not supported by lawful authority.

Then, Plaintiff asserts that on May 29, 2024, Judge Walker committed libel in a statement in a transcript that has not been entered.

Plaintiff fails to state a claim upon which relief may be granted.

First, to the extent he names attorneys from the District Attorney's Office (Darby Phelps, Melissa Rosenthal, Trenton Ross) related to their conduct in connection with a case (such as

signing a document in the docket), filing motions to declare Plaintiff a vexatious litigant and motions to dismiss various cases, prosecutors are absolutely immune from suit when performing functions "intimately associated with the judicial phase of the criminal process" or phrased differently, "when performing the traditional functions of an advocate." *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (citations omitted).

Second, to the extent he attempts to assert claims against Justice of the Peace Ryan Sullivan and Judge Egan Walker for conduct undertaken in their roles as judges, such as allegedly setting a status conference in violation of a statute, ordering that a defendant cannot be named in a lawsuit, or comments made during a judicial proceeding, judges are entitled to absolute judicial immunity for acts performed in their official capacity, as Plaintiff has alleged here. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

Plaintiff's complaint includes no factual allegations regarding Justice of the Peace David Clifton, the Washoe County Sheriff's Office, Washoe County Sheriff Darin Balaam, Sparks Justice Court, Nicole Walsh, Jeff Hoppe, Hunter Heidrich, or Nicole Hicks. The doctrines of prosecutorial and judicial immunity would apply equally to conduct undertaken by other judges and prosecutors.

Moreover, Judge Walker is correct that Plaintiff cannot name the Washoe County Sheriff's Office as a defendant. Sparks Justice Court also cannot be named a defendant. A public agency is not a person or entity subject to suit unless that agency is a separate legal entity. *Hervey v. Estes*, 65 F.3d 784, 791-92 (9th Cir. 1995). In Nevada, each county (or incorporated city or town within the county) is a political subdivision of the state and an independent legal entity, which means it can sue or be sued. *See Clark County v. Lewis*, 88 Nev. 254, 498 P.2d 363, 365 (Nev. 1972); Nevada Revised Statute (NRS) 280.080; NRS 41.0305. A department of a

county, city or town, however, "may not, in the department name, sue or be sued" without statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (Nev. 1996) (concluding that the "Washoe County District Attorney's office is not a suable entity because it is a department of Washoe County, not a political subdivision" and noting the State had not waived immunity on behalf of its departments of political subdivisions so the District Attorney's Office had not been conferred the power to sue or be sued) (citing Nev. Rev. Stat. (NRS) 41.031); *see also Wright v. City of Las Vegas,* 395 F.Supp.2d 789, 794 (S.D. Iowa 2005); *Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998) (finding that Elko County Sheriff's Department lacked capacity to be sued).

While Washoe County might be a proper defendant in place of the Washoe County Sheriff's Office or the Sparks Justice Court, a municipality may be only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a *respondeat superior* theory because it employed an alleged wrongdoer. *Id*. at 603. "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation and quotation marks omitted, emphasis original).

"To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right;

and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

Plaintiff includes no allegations to hold Washoe County liable in his complaint.

For these reasons, Plaintiff's complaint will be dismissed. In an abundance of caution, Plaintiff will be given leave to amend to assert a cognizable claim against a proper defendant.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 3) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 3-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: September 5, 2024

_____
Craig S. Denney
United States Magistrate Judge