UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORDAN ZITO,<br><br>　　　　　Plaintiff,<br>vs.<br>RYAN SULLIVAN, et al.,<br><br>　　　　　Defendants. | Case No. 3:24-cv-232-ART-CSD<br><br>ORDER ON REPORT & RECOMMENDATION OF MAGISTRATE JUDGE<br>(ECF NO. 18) |

Plaintiff Jordan Zito brings this action against several Defendants, referencing the False Statements Accountability Act of 1996 as well as various provisions from the Nevada Revised Statutes (NRS), the Nevada Rules of Civil Procedure, the Nevada Rules of Appellate Procedure and Nevada Revised Code of Judicial Conduct.

On September 5, 2024, Magistrate Judge Denney issued an order dismissing Plaintiff's complaint for failure to state a claim with leave to amend within thirty days. (ECF No. 16.) On October 15, 2024, Judge Denney issued a Report and Recommendation (R&R) recommending that the Court dismiss this action with prejudice because Plaintiff failed to file an amended complaint by the deadline. (ECF No. 18.) Plaintiff filed an objection to the R&R. (ECF No. 19.)

On January 27, 2025 Plaintiff filed a notice of appeal. (ECF No. 21.) The Court construes this as an appeal of Judge Denney's order dismissing Plaintiff's complaint for failure to state a claim with leave to amend, as this is the only order issued in this case. (*See* ECF No. 16.) "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). However, Judge

Denney's order dismissing Plaintiff's complaint with leave to amend was not a final order, and thus is not appealable. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (ruling that where a plaintiff who has been given leave to amend does not do so, and the district court issues no final order of dismissal, the Circuit Court lacks jurisdiction). Because Plaintiff's notice of appeal was premature, this Court retains jurisdiction to rule on this motion. *Ruby v. Sec. of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by...reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."); *see also Legalization Assistance Project of Los Angeles Cnty. Fedn. of Lab. (AFL-CIO) v. I.N.S.*, 976 F.2d 1198, 1203 n.5 (9th Cir. 1992), *cert. granted, judgment vacated on other grounds*, *I.N.S. v. Legalization Assistance Project of Los Angeles Cnty. Fedn. of Lab.*, 510 U.S. 1007 (1993) (district court retained jurisdiction after notice of appeal was filed as to an order that was not final).

## I. Review of Reports and Recommendations

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). Because Mr. Zito has filed an objection to the R&R, the Court reviews the R&R *de novo*.

## II. Analysis

Judge Denney recommends dismissal of Plaintiff's claims because he failed to timely file an amended complaint. In Judge Denney's order dismissing the

complaint with leave to amend, Plaintiff was warned that "[i]f Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed." (ECF No. 16 at 7.)

While Plaintiff filed an objection to the Report and Recommendation, he did not explain why he has not filed an amended complaint in this action, nor has he subsequently filed one. As Judge Denney previously dismissed Plaintiff's complaint for failing to state a claim (ECF No. 16), Plaintiff currently has no complaint before the Court which states a claim upon which relief could be granted.

Because Plaintiff has failed to follow the Court's orders and submit an amended complaint, this action will be dismissed pursuant to LR 11-8. ("The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who…(e) Fails to comply with any order of this court."). Plaintiff was warned in Judge Denney's order that failure to file an amended complaint may result in dismissal of his claim. (ECF No. 16 at 7.) Despite filing objections to Judge Denney's R&R recommending dismissal, Plaintiff has not filed an amended complaint or explained his failure to do so.

Judge Denney's R&R recommends dismissal with prejudice because Plaintiff has also failed to state a claim upon which relief can be granted. However, dismissal with prejudice is only appropriate where amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (citing *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)). The Court therefore dismisses this action without prejudice.

### III. Conclusion

It is therefore ordered that Plaintiff's objections to Judge Denney's Report and Recommendation (ECF No. 19) are OVERRULED.

It is therefore ordered that Judge Denney's Report and Recommendation

1  (ECF No. 18) is ADOPTED IN PART in accordance with this order.

2  It is further ordered that this action is DISMISSED without prejudice.

3  It is further ordered that Plaintiff's additional motions (ECF Nos. 8, 9, 12,
4  24) are DENIED AS MOOT.

5  It is further ordered that the Clerk of the Court shall ENTER JUDGMENT
6  and CLOSE THIS CASE.

8  Dated this 6th day of February, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE